MELISSA HOLYOAK, First Assistant United States Attorney (#9832)
SIRENA MILLER WISSLER, Assistant United States Attorney (#7450)
BRYANT L. WATSON, Assistant United States Attorney (#16980)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PEDREGON-MAGANA, et al.,<br><br>Defendants. | MOTION TO CONTINUE JURY TRIAL<br><br>Case No. 2:25-cr-00043<br><br>District Court Judge Howard C. Nielson<br><br>Magistrate Judge Dustin B. Pead |

The United States seeks to exclude time until October 16, 2026, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).[1] Because of the complex nature of this prosecution—including multiple RICO charges, violent crime in aid of racketeering counts, capital-punishment eligible offenses, and voluminous and complex discovery—it would be unreasonable to expect adequate preparation for pretrial proceedings, or preparation for trial, within the seventy-day period generally prescribed by the Speedy Trial Act.

---

[1] This Court previously excluded time until June 15, 2026. ECF No. 157. The United States nonetheless files this motion seeking to exclude time until October 16, 2026, in compliance with the Court's order to file such motion.

## BACKGROUND

1. On February 12, 2025, the grand jury returned an indictment.[2]

2. On February 26, 2025, the then-sole defendant, Javier Pedregon-Magana, made his initial appearance.[3]

3. On April 24, 2025, defense counsel filed a motion to continue, which the Court granted, resetting trial to September 15, 2025.[4] At the time the Court granted the continuance, fifty-eight (58) days had elapsed on the Speedy Trial clock as to defendant Pedregon-Magana.

4. On June 4, 2025, the grand jury returned a superseding indictment, which included five additional defendants.[5]

5. On June 13, 2025, certain additional defendants made their initial appearances on the superseding indictment.[6] On that same day, the Court orally excluded time under the Speedy Trial Act until a status conference on August 11, 2025.[7] The reasons for excluding time were the complex nature of the case and the high volume of discovery.[8]

---

[2] ECF No. 1.

[3] ECF No. 12.

[4] ECF Nos. 30, 31.

[5] ECF No. 32.

[6] *See e.g.*, ECF No. 67.

[7] *See e.g.*, *id.*

[8] *See e.g.*, *id.*

6.  On August 11, 2025, the Court held a status conference, addressing the status of outstanding discovery and partial reverse proffers.[9] Defendants did not object to the Court continuing the case until at least October 14, 2025, at which time a second status conference would be held.[10] The Court thus made findings and orally excluded time until October 14, 2025.[11]

7.  On August 12, 2025, the United States filed a motion to continue based on the complexity of the case.[12] The Court granted the motion and excluded time until October 14, 2025.[13]

8.  On October 14, 2025, the Court held a status conference, addressing the status of discovery, partial reverse proffers, and potential discovery motions.[14] The Court also made Speedy Trial findings and ordered time excluded until another status conference scheduled for January 28, 2026.

9.  On October 20, 2025, the United States filed another motion to continue based on the complexity of the case.[15] The Court granted the motion and excluded time until June 15, 2026.[16]

---

[9] ECF No. 147.

[10] *See id.*

[11] *Id.*

[12] ECF No. 145.

[13] ECF No. 148.

[14] ECF No. 154.

[15] ECF No. 155.

[16] ECF No. 157.

10. On November 19, 2025, the grand jury returned a second superseding indictment, charging, among other things, defendant Yeager Gleave with three counts of violent crime in aid of racketeering—murder.[17]

11. On December 4, 2025, defendants filed a joint motion to strike the June 15, 2026, trial date due to the pendency of the government's decision as to whether to seek the death penalty against defendant Gleave as statutorily authorized by the three counts of violent crime in aid of racketeering—murder.[18] On December 8, 2025, the Court granted the motion to strike the June 15, 2026, trial date.[19]

12. On January 27, 2026, the Court held a status conference at which the parties agreed to set the matter for a subsequent status conference for those defendants who had not pleaded guilty.[20] The Court excluded time until April 20, 2026, and also set the next status conference for April 20, 2026.[21]

13. On April 20, 2026, the Court held a status conference at which the parties agreed to set the matter for a subsequent status conference for those defendants who had not pleaded guilty.[22]

---

[17] ECF No, 166.

[18] ECF. No. 177.

[19] ECF No. 181.

[20] ECF No. 203.

[21] *Id.*

[22] ECF No. 236.

### FACTS IN SUPPORT OF CONTINUANCE

The following factual assertions support the requested continuance. *First*, the twenty-seven-page, eleven-count Second Superseding Indictment charges six defendants with violations of 18 U.S.C. § 1962(d) for RICO Conspiracy, as well as certain defendants with multiple counts of 18 U.S.C. § 1959 for a violent crime in aid of racketeering, and a single defendant with one count of 18 U.S.C. § 924(c) for the discharge of a firearm in furtherance of a crime of violence. The number of defendants, the interrelated nature of the charged conduct, and the statutory and evidentiary complexity of the RICO and VICAR prosecutions necessitate additional time to prepare for trial.

*Second*, discovery exceeds 500 gigabytes and spans criminal conduct occurring from 2017 through July 2025. The evidence is also complex, consisting of extensive social media downloads from Facebook, Instagram and Snapchat that include text, photographs, and video recordings, as well as jail calls, locational data, and investigative files relating to over a dozen separate criminal acts. Given the sheer volume and technical complexity of this discovery, it would be unreasonable to expect the parties to complete the required pretrial filings or trial preparation within the standard seventy-day period.

*Third*, additional time is also necessary to facilitate plea negotiations, which remain ongoing.

## CONCLUSION

For these reasons, the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial. Accordingly, the United States respectfully requests that the Court exclude time under 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) from June 13, 2025—the date of the first initial appearances on the superseding indictment—through the next status conference scheduled for October 16, 2026.

DATED this 27th day of April 2026.

MELISSA HOLYOAK
First Assistant United States Attorney

*/s/ Bryant Watson*
BRYANT WATSON
Assistant United States Attorney